# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HARVEY McDANIELS,

    Petitioner,

vs.

SHERIFF JOE LOMBARDO, *et al.*,

    Respondents.

Case No. 2:15-cv-01448-JCM-GWF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

    The court has conducted a preliminary review of the petition. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

    Petitioner asserts that he was convicted in a Nevada state court on July 28, 2004. Petitioner states that he did not file a direct appeal of his conviction and did not pursue post-conviction relief in the state courts. (ECF No. 1, at p. 1). On the form petition, regarding the question of whether he raised his federal claim on direct appeal to the Nevada Supreme Court, petitioner checked the box "no." (*Id.*, at p. 4). The form then asks: "If no, explain why not." Petitioner answered as follows: "I begin with a writ of petition for habeas corpus with the U.S. District Court." (*Id.*).

A federal court will not review a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). In the instant case, petitioner admits on the face of the petition that he has not exhausted his habeas claim in the Nevada state courts. Because it the petition leaves no room for doubt, this action will be dismissed without prejudice, for failure to exhaust state remedies.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that, if petitioner later exhausts his state court remedies, he may file a new habeas petition in a new action. Petitioner may not file further documents in this action.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.** Reasonable jurists would not find the dismissal without prejudice of an unexhausted petition to be debatable or wrong.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

Dated December 14, 2015.

UNITED STATES DISTRICT JUDGE